————o————

No. 4511.

(Court of Appeal, Parish of Orleans.)

## SUCCESSION OF PHILIP MILLARD.

1. In interpreting a contract, the intention of the parties is to be ascertained and effect given to it.
2. All clauses of the instrument must be construed one by the other, giving to each the sense resulting from the entire act. No construction rendering important expressions useless, or based on the parties' presumed ignorance of the law is admissible.

Appeal from Civil District Court, Division "B."

Saunders & Gurley, Attorneys for Succession, Appellant.

Cage, Baldwin & Crabites, Attorneys for Appellee.

E. M. Cahn, J. F. Tobin, B. I. Cahn, C. P. Fenner, Sam Henderson, Attorneys for Appellee.

Clegg & Quintero, Attorneys for Appellants.

DUFOUR, J. At the time of his death Millard was a member of the firm of Fenner, Solari & Co., in which he had put $10,000, as against $15,000 contributed by the two other members together.

Upon dissolution and liquidation of the partnership, the surviving partners divided the total capital of $25,000 into three equal portions and credited each partner with one-third each.

Millard's executrix claims that she is entitled to receive the full amount of the capital paid in by him, and assert that, in law, each partner's contribution is regarded as a firm debt to such partner and must, upon dissolution of the firm, be returned to such partner in the same proportion in which it was furnished.

This proposition of law is not disputed by the other side, whose contention is that there is an agreement to the contrary in the articles of co-partnership.

Art. 3 of these articles is as follows:

"Messrs. Fenner and Solari agree to contribute capital to the extent of $15,000, and the said Philip Millard agrees to furnish capital to the extent of $10,000, and, at the dissolution of the firm by liquidation or otherwise, each partner shall be entitled to receive one-third of the net assets of the business."

The argument of counsel for the executrix is that the surviving partners "in order to arrive at the net assets should have first paid the creditors who were not members of the firm, then they should have paid the creditors who were members of the firm by returning to them the capital they had advanced, and the balance remaining after these payments would have been the net assets of the firm, which were to be distributed equally among the partners."

The argument of counsel for the surviving partners is that "the assets of a co-partnership manifestly include the capital, and the term net assets means all of the assets, including the capital remaining after deduction of the debts of the partnership to third persons."

We consider the latter view to be the correct one.

In interpreting a contract the intention of the parties is to be ascertained and effect given to it.

All clauses must be construed one by the other, giving

—14—

to each the sense resulting from the entire act. No construction rendering important expressions useless, or based on the parties' presumed ignorance of the law, is admissible.

There was no necessity for the insertion in Art. 3 of this clause "each partner shall be entitled to receive one-third of the net assets of the business," if it was intended to mean that each partner should receive in full the capital he had contributed.

The law made provision for this. Unless the clause be viewed as surplusage, which may not properly be done, it was evidently intended to make a contract modifying the law and to agree that "net assets" should mean all that was left after payment of debts due outside creditors.

It is clear that the words "net assets" were not meant to, be synonymous with "net profits," as another portion of the contract sets forth that "the net profits of the business shall be equally divided between the parties." This second provision would have been unnecessary if, as contended, "net assets" meant "net profits."

Should we, however, be mistaken about this, the most that could be claimed is that the contract is ambiguous.

In that event, viewing the testimony offered to show the sense in which the parties used the words "net assets," it conclusively appears that not only the profits but the capital remaining after the payment of outside debts was to be divided equally among the partners.

Judgment affirmed.